UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JELAINE M. EDWARDS,<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,[1]<br><br>        Defendant. | CASE NO. 2:16-CV-01102-DWC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

Plaintiff filed this action, pursuant to 42 U.S.C § 405(g), seeking judicial review of the denial of Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") Benefits. The parties have consented to proceed before a United States Magistrate Judge. *See* 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed before a United States Magistrate Judge, Dkt. 5.

---

[1] Nancy Berryhill is substituted for her predecessor, Carolyn W. Colvin, as Acting Commissioner of Social Security. Fed. R. Civ. P. 25(d).

ORDER ON PLAINTIFF'S COMPLAINT - 1

After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") erred by failing to properly evaluate the opinions of one examining physician and two non-examining physicians. Therefore, this matter is reversed and remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings.

## PROCEDURAL & FACTUAL HISTORY

On August 23, 2013, Plaintiff filed applications for DIB and SSI. *See* Dkt. 7, Administrative Record ("AR") 286-89, 291-99. Plaintiff alleges she became disabled on August 28, 2012,[2] due to a congenital birth defect and associated post-operative symptoms in her back and neck. *See* AR 372. Plaintiff's applications were denied upon initial administrative review and on reconsideration. *See* AR 95-146. A hearing was held before an ALJ on September 15, 2014, at which Plaintiff, represented by counsel, appeared and testified. *See* AR 42.

On December 19, 2019, the ALJ found Plaintiff was not disabled within the meaning of Sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. AR 32. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on May 11, 2016, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1, 20 C.F.R. § 404.981, § 416.1481. On July 16, 2016, Plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision.

Plaintiff argues the denial of benefits should be reversed and remanded for further proceedings, because: 1) the ALJ erred in evaluating Plaintiff's subjective symptom testimony; and 2) the ALJ failed to properly evaluate the medical opinions from one of Plaintiff's treating

---

[2] Plaintiff's applications originally listed a disability onset date of October 13, 2011. However, at the hearing, Plaintiff amended her onset date to August 28, 2012 in order to account for an adverse final decision on her prior applications for SSI and DIB. AR 48.

physician's assistants, one of Plaintiff's examining physicians, and two non-examining state agency medical consultants. Dkt. 10, pp. 1-2.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

## DISCUSSION

I.  Whether the ALJ Properly Evaluated the Medical Opinion Evidence.

**A. Standard**

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). However, "[i]n order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester,* 81 F.3d at 831). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes*, 881 F.2d at 751). In addition, the ALJ must

explain why the ALJ's own interpretations, rather than those of the doctors, are correct. *Reddick*, 157 F.3d at 725 (*citing Embrey,* 849 F.2d at 421-22). The ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

### B.  Application of Standard

#### *1. Gary Gaffield, D.O.*

Dr. Gaffield examined Plaintiff on January 7, 2014. AR 778. Plaintiff reported a history of Chiari malformation[3] and associated surgeries, and endorsed low back pain. AR 779-80. During examination, Plaintiff presented with restricted motion of the lumbar spine without spasm or crepitus, as well as mild restricted cervical motion. AR 780. Dr. Gaffield noted some diminished sensation in Plaintiff's upper and lower extremities, as well as some difficulty walking on her heels. AR 781-82. Finally, Dr. Gaffield also noted Plaintiff had reduced range of motion in Plaintiff's cervical and lumbar spine, as well as in Plaintiff's hip. AR 781. Dr. Gaffield diagnosed Plaintiff with Chiari malformation, cervical area, mild right side paresthesias, and low back pain. AR 782. As a result of these impairments, Dr. Gaffield opined Plaintiff would be able to lift or carry no more than twenty pounds occasionally and ten pounds frequently, and would need to avoid the following: heights; climbing heavy ladders; major obstacles; scaffolding; heavy equipment; moving objects; and climbing. AR 78. Finally, Dr. Gaffield opined Plaintiff could engage in postural activities on no more than an occasional basis. AR 782.

---

[3] "The Arnold-Chiari malformation is an abnormality in the formation of the brain stem." *Petty v. Colvin*, 954 F.Supp.2d 914, 917, n. 2 (D. Ariz. June 20, 2013) (*quoting* The Merck Manual of Diagnosis and Therapy 2224 (Mark H. Beers, et al. eds., 17th ed. 1999)).

1    The ALJ gave some weight to Dr. Gaffield's opinions and observations, noting they were "generally consistent with the record as a whole." AR 29.[4] Plaintiff argues the ALJ nonetheless erred by failing to account for Dr. Gaffield's opinion Plaintiff's would not be able to perform postural activities on more than an occasional basis. The Court agrees.

An ALJ is not required to adopt the opinion of an examining physician or psychologist; however, in order to reject all or part of a medical opinion, an ALJ must offer at least a specific and legitimate reason for doing so. *Nguyen*, 100 F.3d at 1466 (*citing Lester,* 81 F.3d at 831). An ALJ errs by purporting to give great weight to an examining physician, yet failing to include all of the physician's opined limitations into the RFC. *See Betts v. Colvin*, 531 Fed.Appx. 799, 800 (9th Cir. 2013) (finding the ALJ committed reversible error by purporting to give great weight to an examining physician, yet failing to include many of the physician's opined limitations in the RFC). Further, an ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

Here, though the ALJ acknowledged Dr. Gaffield opined Plaintiff's "postural activities would be limited to occasionally," the ALJ failed to offer any reason for excluding this aspect of Dr. Gaffield's opinion from Plaintiff's RFC. AR 25, 29. The ALJ's failure to incorporate this limitation into the RFC finding, or otherwise provide a specific and legitimate reason for rejecting this limitation, renders the ALJ's RFC finding incomplete and unsupported by

---

[4] It appears the ALJ only gave Dr. Gaffield's opinion "some weight" because the ALJ found Plaintiff's carpal tunnel syndrome warranted additional manipulative, exertional, and vibration limitations not accounted for in Dr. Gaffield's opinion. AR 29

1  substantial evidence. *See Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012); *Betts*, 531
2  Fed.Appx. at 800.

3      Defendant argues the ALJ was not required to include this aspect of Dr. Gaffield's
4  opinion in the RFC because the ALJ was only required to explain why "significant probative
5  evidence" has been rejected. Dkt. 14, p. 5 (*citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d
6  1393, 1394-95 (9th Cir. 1984)). Specifically, Defendant argues Dr. Gaffield's opined postural
7  limitations are not significant probative evidence because the ALJ's RFC finding was based on
8  the opinions of the State agency medical consultants, who opined Plaintiff was able to perform
9  postural activities on a frequent basis. Defendant's argument, however, is inapposite for three
10 reasons.

11     First, Dr. Gaffield's opined postural limitations are precisely the sort of vocationally
12 relevant restrictions which can impact a claimant's RFC. *See, e.g.*, *Tackett v. Apfel*, 180 F.3d
13 1094, 1102 (9th Cir. 1999) (noting an ALJ would be unable to apply the medical vocational
14 guidelines to determine a claimant is not disabled if a claimant has postural limitations). Further,
15 an ALJ is required to consider all medical opinions, and the consistency of a medical opinion
16 with the record as a whole is an important factor an ALJ must consider when weighing a medical
17 opinion. 20 C.F.R. §§ 404.1520; 404.1527(b) & (c); 416.927(c)(4). The fact multiple doctors
18 opined to different degrees of limitation in Plaintiff's postural activities is a relevant fact the ALJ
19 should have considered when assessing Plaintiff's RFC. Thus, Dr. Gaffield's opined postural
20 limitations are "significant, probative evidence" which the ALJ was required to consider.
21 *Vincent*, 739 F.2d at 1394-95.

22     Second the fact a non-examining physician disagrees with the conclusions of an
23 examining physician is not, by itself, a sufficient reason to discount the opinion of the examining
24

physician. It is true that the ALJ has the authority to resolve conflicts and ambiguities in the medical evidence. *Reddick,* 157 F.3d at 722. It is also true that while an ALJ may not discount an uncontradicted medical opinion absent clear and convincing reasons, an ALJ may discount a *contradicted* opinion using the lower standard of "specific and legitimate" reasons. *See Lester*, 81 F.3d at 830-31. However, it does not follow from these propositions that, all things being equal, the existence of a conflicting opinion *is itself* a specific and legitimate reason to discount the opinion of an examining physician. Ninth Circuit case law suggests the opposite: if a conflict exists between a treating or examining physician's opinion and a non-examining medical consultant's opinion, absent specific and legitimate reasons for doing otherwise, the ALJ should give more weight to the opinion of the treating or examining physician. *See Orn v. Astrue*, 495 F.3d 625, 631-34 (9th Cir. 2007). *See also Nguyen*, 100 F.3d at 1466; *Reddick*, 157 F.3d at 725 ("Even if the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record.").

      Finally, even if the mere fact medical opinions are contradictory was, by itself, a specific and legitimate reason to discount Dr. Gaffield's opinion as to Plaintiff's postural limitations, the ALJ did not actually cite to the state agency medical consultants opinions, let alone any content therein, as a basis for giving Dr. Gaffield's opinion less than full weight. *See* AR 29. This Court will not engage in a *post-hoc* rationalization in order to intuit what the ALJ might have been thinking when he declined to give full weight to Dr. Gaffield's opinion. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

      Because the ALJ failed to offer specific and legitimate reasons for discounting Dr. Gaffield's opined postural limitations, the ALJ erred. Further, the ALJ's error in evaluating Dr.

Gaffield's opinion leaves the RFC finding incomplete and unsupported by substantial evidence. *See Hill*, 698 F.3d at 1162; *Betts*, 531 Fed.Appx. at 800. Thus, the error is not "inconsequential the ultimate nondisability determination," and is harmful error requiring remand for further proceedings. . *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012).

### 2. Michelle Parent, PA-C

Plaintiff argues the ALJ erred by discounting the opinion of Plaintiff's treating physician assistant, Ms. Parent. However, as Ms. Parent is not an acceptable medical source, the ALJ only needed to provide arguably germane reasons to reject her testimony. *See Id.* at 1111; *Turner v. Comm'r of Soc. Sec.,* 613 F.3d 1217, 1224 (9th Cir. 2010); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). 20 C.F.R. § 404.1513(d). *See also* Social Security Ruling ("SSR") 06-03p, at *5, *available at* 2006 WL 2329939; *Garrison v. Colvin*, 759 F.3d 995, 1013-14 (9th Cir. 2014). Further, an ALJ may give more weight to an "acceptable medical source" opinion over an "other source" opinion. 20 C.F.R. § 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). SSR 06-3p, *available at* 2006 WL 2329939, at *5.

Here, the ALJ indicated he found Ms. Parent's opinion less reliable than the opinion from Dr. Gaffield, because as an acceptable medical source, Dr. Gaffield was more qualified. AR 29. However, as discussed above, the ALJ erred in evaluating Dr. Gaffield's opinion, which necessitates remand for further proceedings. Also, the ALJ's remaining reasons for giving little weight to Ms. Parent's opinions are vague, conclusory, and unsupported by substantial evidence in the record. *Cf. McAllister v. Sullivan*, 888 F.2d 599, 602-03 (9th Cir. 1989) (finding similar reasoning for rejecting a treating physician's opinion was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed"). As the case must be remanded in any event, the ALJ should reevaluate Ms. Parent's opinion on remand.

3.     *State Agency Medical Consultants*

At the initial and reconsideration levels of Plaintiff's application for benefits, Plaintiff's claim was reviewed by Norman Staley, M.D. and Olegario Ignacio, Jr., M.D. AR 103-07, 115-17, 129-31, 142-44. Both Dr. Staley and Dr. Ignacio opined to essentially the same limitations, including: Plaintiff would be able to lift a maximum of twenty pounds occasionally and ten pounds frequently; Plaintiff would be able to climb ladders/ropes/scaffolds occasionally; and Plaintiff would be able to climb ramps/stairs, balance, stoop, kneel, and crouch on a frequent basis. AR. AR 103-07, 115-17, 129-31, 142-44.

The ALJ gave Dr. Staley and Dr. Ignacio's opinions less than full weight, because:

> Based upon evidence **obtained at the hearing level**, the claimant is more limited in her postural activities than found by the state agency consultants and that she is capable of performing work at the medium exertional level, with appropriate postural, manipulative, and environmental limitations.

AR 28 (emphasis added). However, the ALJ does not explain what evidence "obtained at the hearing level" warrants giving Dr. Staley and Dr. Ignacio's opinions less than full weight. Further, the ALJ conclusorily states Plaintiff is more limited in her postural activities than found by the state agency consultants. However, while the ALJ found Plaintiff was more restricted in her ability to climb ladders, ropes, scaffolds, ramps, or stairs, the ALJ otherwise incorporated Dr. Staley and Dr. Ignacio's opinions as to Plaintiff's postural limitations into the RFC. The ALJ must do more than state his conclusions; he must explain why his interpretations, rather than those of the doctors, are correct. *Reddick*, 157 F.3d at 725.

Defendant argues the court should nonetheless affirm the ALJ's evaluation of Dr. Staley and Dr. Ignacio's opinions, as a review of the transcript reveals Plaintiff could drive, volunteer, and perform household chores. AR 52-53, 66. However, Defendant's argument is an invitation to engage in a *post-hoc* rationalization of the ALJ's decision; an invitation the Court must again

decline. *See Bray*, 554 F.3d at 1225-26. Even if the Court were to consider Defendant's proffered explanation of the ALJ's decision, the Court notes the records cited by Defendant could be interpreted to actually support Dr. Staley and Dr. Ignacio's opinion as to Plaintiff's ability to perform light work. Plaintiff testified she "is not really a driver" but has driven before, testified she volunteered on one occasion, and testified she is unable to perform household chores such as sweeping or mopping for more than five minutes, due to an inability to reach and bend without pain. AR 52-53, 66. Defendant has failed to demonstrate how Dr. Staley and Dr. Ignacio's opinions are inconsistent with these activities. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

Because the ALJ failed to offer specific and legitimate reasons, supported by substantial evidence in the record, for discounting the opinions of Dr. Ignacio and Dr. Staley, the ALJ erred.

II. <u>Whether the ALJ Provided Specific, Clear, and Convincing Reasons, Supported by Substantial Evidence, for Discounting Plaintiff's Subjective Symptom Testimony.</u>

Plaintiff also argues the ALJ erred in evaluating Plaintiff's subjective symptom testimony. However, an evaluation of a claimant's testimony relies, in part, on an accurate assessment of the medical evidence. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c). As discussed in Section I, above, the ALJ erred in evaluating the medical opinion evidence, requiring remand. As this case must be remanded for further proceedings in any event, the ALJ should also reevaluate Plaintiff's testimony anew on remand.[5]

---

[5] On remand, the ALJ should analyze Plaintiff's subjective symptom testimony using the revised policy articulated in Social Security Ruling ("SSR") 16-3p, *available at* 2016 WL 1119029. *See Folsom v. Colvin,* 2016 WL 6991194, n. 10 (C.D. Cal. Nov. 29, 2016).

Case 2:16-cv-01102-DWC Document 15 Filed 02/15/17 Page 11 of 11

## CONCLUSION

Based on the above stated reasons and the relevant record, the Court finds the ALJ committed harmful error by failing to properly evaluate the medical opinion evidence. Therefore, the Court orders this matter be reversed and remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for a *de novo* hearing. On remand, the ALJ should re-evaluate Dr. Gaffield, Dr. Ignacio, Dr. Staley, Ms. Parent, and the remaining medical opinion evidence, reevaluate Plaintiff's subjective symptom testimony, reassess Plaintiff's residual functional capacity, and proceed on to Step Four and/or Step Five of the sequential evaluation, as appropriate. The ALJ should also develop the record as needed. Judgment should be for Plaintiff and the case should be closed.

Dated this 15th day of February, 2017.

David W. Christel
United States Magistrate Judge

ORDER ON PLAINTIFF'S COMPLAINT - 11